UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



******************************************************************

| CHARLES W. HAAN | * | CIV 13-1009 |
| | * | |
| Plaintiff, | * | |
| | * | ORDER OF DISMISSAL |
| -vs- | * | |
| | * | |
| KRISTI NOEM, | * | |
| U.S. Representative for South Dakota, | * | |
| | * | |
| Defendant. | * | |
| | * | |

******************************************************************

Charles W. Haan, dissatisfied with Congresswoman Noem's job performance and voting record, mailed a copy of his state court complaint by first-class mail on January 23, 2013, but did not file his summons or complaint with the state court at that time. Mr. Haan was mistaken as to what constituted proper service of process. He then filed his complaint on March 4, 2013, in the Third Judicial Circuit of the South Dakota Unified Judicial System. On March 8, 2013, the sheriff's department hand-delivered a copy of the complaint to an office of Congresswoman Noem in Watertown, South Dakota, possibly completing a proper service of process.

On March 27, 2013, Kristi Noem filed a notice of removal pursuant to 28 U.S.C. §§ 1442 and 1446, and moved to dismiss this action. Acting as an "officer of the United States," Congresswoman Noem's Notice of Removal is proper. Williams v. Brooks, 945 F.2d 1322, 1325 n.2 (5th Cir. 1991) ("[R]emoval is proper under section 1442(a)(1)... as a congressman is an 'officer of the United States' within the meaning of that subsection.").

The Speech or Debate Clause, U.S. Const. Art. I, § 6, cl. 1 provides that, "for any Speech or Debate in either House, [Senators and Representatives] shall not be questioned

in any other Place." This clause has been interpreted to offer absolute immunity to "legislators acting within the sphere of legitimate legislative activity," Eastland v. United States Servicemen's Fund, 421 U.S. 491, 503 (1975), which encompasses all activities that are:

> 'an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House.'

*Id.* at 504 (*quoting* Gravel v. United States, 408 U.S. 606, 625 (1972)). When examining whether a given act is within the legitimate legislative sphere, courts must read the Speech or Debate Clause "broadly to effectuate its purposes." United States v. Johnson, 383 U.S. 169, 180 (1966).

Congresswoman Noem's voting record, a "purely legislative activity," must be protected and is absolutely immune from a civil complaint in court. The Speech or Debate Clause "is intended to allow Senators and Representatives to speak and vote their conscience without fear of retribution." (*citing* Gravel, 408 U.S. at 616). Congresswoman Noem also moved to dismiss because the court lacks subject matter jurisdiction. Pursuant to Rule 12(b)(1), plaintiff bears the burden of establishing subject matter jurisdiction. Charles W. Haan lacks Article III standing.

Standing is a jurisdictional prerequisite to suit in federal court. To establish standing, plaintiff must allege: (1) an actual or threatened injury, (2) resulting from the action challenged, which is (3) likely to be redressable in a judicial action. *See* Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 475-76 (1982), and Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

Mr. Haan bears the burden of establishing the elements of standing, and "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." Lujan, 504 U.S. at 561. Mr. Haan's theory as to injury is that,

by voting to raise the debt ceiling, Congresswoman Noem breached her duties and promises, and raised Mr. Haan's individual citizen's share of the national debt from $42,000 to $55,000. This contention has no merit because there is no showing of injury. For example, Mr. Haan may never be required to pay income taxes to retire the national debt. He may not live long enough to pay anything. All his claims are pure speculation and not redressable. "Standing has been rejected" where "the alleged injury is not 'concrete and particularized; but instead a grievance the taxpayer suffers in some indefinite way in common with people generally.'" (*quoting* Lujan and Massachusetts v. Mellon, 262 U.S. 447, 488 (1923)). Mr. Haan fails to demonstrate an injury which is sufficiently particular and concrete to grant him standing.

Defendant argues that Mr. Haan has failed to state a claim for which relief can be granted by judicial decision. Mr. Haan's complaint is based on his apparent dissatisfaction with Congresswoman Noem's job performance. Haan states that the Congresswoman had a duty to legislate consistent with Mr. Haan's political preferences, and that she breached such a duty. Adams v. Richardson, 871 F. Supp 43, 45 (D.D.C. 1994), states that "Plaintiff has no constitutional right to have [his] Congressman... make particular decisions or take particular actions." See also Lance v. Coffman, 549 U.S. 437, 439 (2007) (reaffirming "lengthy pedigree" of Supreme Court's refusal "to serve as a forum for general grievances" about government); Newell v. Brown, 981 F.2d 880, 887 (6th Cir. 1992) (upholding dismissal of claim against Congressman arising out of service to constituent, stating that "[f]or the federal judiciary to subject members of Congress to liability for simply doing their jobs would be unthinkable"), *cert denied,* 510 U.S. 842 (1993).

The specific relief Mr. Haan is seeking, in particular, is that the Congresswoman be ordered to resign or be removed from office as a U.S. Congressperson. This court lacks the authority to grant such relief. The authority to discipline Members of the House and to remove them from office is textually committed by the Constitution to each house

3

of congress, and not the judiciary. *See* U.S. Const. art. I § 5, cl. 2 ("Each House may. . . punish its Members for disorderly Behaviour, and, with the Concurrence of two-thirds, expel a Member.")

Mr. Haan's suit against Congresswoman Noem is also barred by sovereign immunity. "The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941). This immunity extends to Members of Congress, such as Congresswoman Noem, when sued in an official capacity. *See* Keener v. Congress, 467 F.2d 952, 953 (5th Cir. 1972). Sovereign immunity precludes the exercise of jurisdiction over Congresswomen Noem, absent an "unequivocally expressed" waiver of that immunity. United States v. King, 395 U.S. 1, 4 (1969).

Pursuant to 28 U.S.C. § 1915(e)(2)(b)(I), this court has "the authority to dismiss a claim based on an indisputably meritless legal theory." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Mr. Haan has failed to respond to any of Congresswoman Noem's arguments regarding his lack of Article III standing, the applicability of sovereign immunity, his failure to state a claim for which relief can be granted, and the facially frivolous nature of his complaint under 28 U.S.C. § 1915(e)(2)(b)(I). Because Mr. Haan has not responded substantively to these arguments, the court can and should treat them as conceded and waived. *See* Nev. Comm'n on Ethics v. Carrigan, 131 S. Ct. 2343, 2351 (2011), and Bancoult v. McNamara, 277 F. Supp. 2d 144, 149 (D.D.C. 2002) ("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case").

Now, therefore,

IT IS ORDERED as follows:

(1) The defendant's motion to dismiss, Doc. 3, is granted and the action is dismissed on the merits and with prejudice.

(2) Costs shall be taxed against plaintiff.

Dated this 17th day of October, 2013.

BY THE COURT:

/s/ Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOE HAAS, CLERK

BY: /s/ Barbara J. Paepke
DEPUTY
(SEAL)